In re Christopher M. DAVISON, Debtor

Tammy A. Klaes and Jonathan L. Klaes, Plaintiffs

v.

Christopher M. Davison, Respondent

Bankruptcy No. 08–12327.
Adversary No. 09–1035.

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 16, 2009.

Joseph B. Spero, Esq., Erie, PA, Attorney for Christopher M. Davison.

Malcolm L. Pollard, Esq., Erie, PA, Attorney for Tammy A. Klaes and Jonathan L. Klaes.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### I. *Introduction.*

Christopher M. Davison ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on December 18, 2008. Tammy A. Klaes ("Ms. Klaes") and her son, Jonathan L. Klaes ("Mr. Klaes")

(or Ms. Klaes and Mr. Klaes, collectively, the "Plaintiffs") timely filed the within Complaint objecting to dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) [2] . The Plaintiffs assert that Debtor obtained funds from them by false pretenses, a false representation or actual fraud.

Trial was held on August 6, 2009 and the parties have filed post-trial briefs. The matter is now ripe for decision.

### II. *Findings of Fact.*

The Debtor met Ms. Klaes in 2003 or 2004. Ms. Klaes expected to or had recently received a workers compensation settlement. Ms. Klaes contacted Debtor to talk about investing the money. Debtor was the owner and President of Rockwell Financial Group, Inc., which held itself out as a financial planning firm and mortgage company.

In May, 2004 Ms. Klaes invested certain monies in annuities through the Debtor. Debtor completed appropriate applications and disclosure agreements. A short time later, in June, 2004, Debtor completed the necessary forms to transfer ownership of her investment to Barbara Johnson. This was done for the purpose of deceiving the Social Security Administration on Ms. Klaes' application for social security disability. Debtor wrote a letter to Mrs. Riblet stating that Ms. Klaes' accounts had been closed. Debtor was, at all times, aware that equitable ownership of the funds remained with Ms. Klaes.

Barbara Johnson completed forms to withdraw $3500 from the investment in June, 2005. Ms. Klaes was unaware of the withdrawal prior to trial on this matter.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Fed. R. Bankr.P. 7052. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**2.** All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

Ms. Klaes became dissatisfied and/or concerned that her property was in Barbara Johnson's name and also concerned that it could not be in her name for purposes of social security entitlements.

Sometime later, Ms. Klaes requested that Barbara Johnson liquidate the investment accounts and return the balance of the funds to Ms. Klaes. Barbara Johnson complied and Ms. Klaes received the proceeds. Again concerned that she would be ineligible for social security benefits if she had liquid assets, Ms. Klaes had the funds held by her son, Mr. Klaes.

Debtor was aware that Ms. Klaes had the funds available; that she desired to obtain a return on her money; and that she could not, for social security purposes, have assets in her name.

To solve the problem for Ms. Klaes, Debtor, in January, 2006, arrived at the concept of a "barer" bond. Ms. Klaes was lead to believe that she was investing in non-specific projects and that the investors in those projects would repay her investment with interest.

Ms. Klaes was uncomfortable that the "barer" bond did not indicate that she was the owner of the bond. When the "barer" bond expired, a different document was executed. It was in the nature of a note between Mr. Klaes and the Debtor. The note is on letterhead of Rockwell Financial Group and states that Rockwell is "[a] Pillar for Your Financial Future." The note was subsequently replaced with a similar note extending the term and raising the interest rate.

Debtor is much more savvy and sophisticated than Ms. Klaes. At all times, Ms. Klaes considered Debtor her investment adviser and relied upon him to safely invest her money and provide a return on that investment.

III. *Discussion.*

11 U.S.C. § 523(a)(2) provides that a discharge under § 727 does not discharge an individual debtor from any debt

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud . . .

11 U.S.C § 523(a)(2)(A).

Ms. Klaes had equitable ownership of the funds at issue at all times. Debtor knew that it was her money and participated in efforts to keep the Social Security Administration from having knowledge of the asset. Debtor at all times held himself out as a financial advisor, assisting Ms. Klaes to obtain a return on her funds. Ms. Klaes is very unsophisticated and lacks even a minimum knowledge of investing. She relied completely on the Debtor, a sophisticated expert in financial dealings.

When Debtor borrowed money from Ms. Klaes, it was borrowed with the false representation that the money was being invested by a financial advisor through the Debtor's company, Rockwell Financial Group, "A Pillar for Your Financial Future." Ms. Klaes relied totally upon Debtor to protect her only asset, which he failed to do.

Accordingly, we find that Debtor's obligations to Ms. Klaes are nondischargeable in the within bankruptcy case.

An appropriate Order will be entered.

### ORDER

This 16th day of September, 2009, in accordance with the accompanying Opinion, it shall be, and hereby is ORDERED that the obligations of Christopher M. Davison to Tammy A. Klaes and Jonathan L.

Klaes are nondischargeable in the within bankruptcy case.